STATE OF NORTH CAROLINA v. ALLEN STEPHON MARSHBURN

No. 918SC1002

(Filed 16 February 1993)

**Criminal Law § 146 (NCI4th)— withdrawal of guilty plea before sentencing—failure to show fair and just reason**

Defendant did not provide, prior to sentencing, a fair and just reason for withdrawing his plea of guilty to accessory after the fact of murder based on his contentions (1) that at the time he entered his plea he did not know whether he was guilty or not guilty, and (2) that he entered the plea with the understanding that it would not count as a conviction in a pending federal drug case when in fact it was considered by the federal court as a conviction where the motion to withdraw his plea was not made until eight months after the plea was entered; defendant had the benefit of counsel at all times; defendant does not assert his innocence; and his asserted misunderstanding does not relate to the direct consequences of the plea but relates only to a collateral matter.

**Am Jur 2d, Criminal Law §§ 500-502.**

Appeal by defendant from judgment entered 3 June 1991 in Lenoir County Superior Court by Judge Napoleon B. Barefoot. Heard in the Court of Appeals 12 January 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas B. Wood, for the State.*

*Dal F. Wooten for defendant-appellant.*

GREENE, Judge.

Allen Stephon Marshburn (Marshburn) appeals from the trial court's denial of his motion to withdraw his plea of guilty to accessory after the fact to murder.

Marshburn was arrested on 11 April 1990 and charged with being an accessory after the fact in the murder of Richard Ivey Sutton, who died of a gunshot wound on 10 April 1990. The State charged specifically that Marshburn aided the three men charged with Sutton's murder by assisting them in destroying the weapons used to kill Sutton and by making untruthful statements to the police about his knowledge of the murder and those charged with the murder. Marshburn was appointed an attorney at his first appearance on 12 April 1990, and the same attorney represented Marshburn throughout the proceedings against him. On 11 October 1990, Marshburn entered into a plea arrangement with the State under which he would plead guilty to accessory after the fact of a felony and provide truthful testimony against those accused of Sutton's murder. In exchange, the State agreed to inform the court of Marshburn's cooperation at his sentencing hearing. The trial court, after taking a transcript of plea, accepted Marshburn's plea of guilty and granted a prayer for judgment continued until such time as the State prayed judgment. Marshburn did thereafter testify at the trial of one of the men charged with the Sutton murder. The State prayed judgment and a sentencing hearing was held on 3 June 1991. At the sentencing hearing, Marshburn made a motion to withdraw his guilty plea. Through his attorney and without objection from the State, Marshburn gave as his reasons for seeking to withdraw his guilty plea that

when he entered the plea he was under indictment for a federal drug case. He entered the plea with the understanding that prayer for judgement [sic] would not count as a conviction in his federal drug case. In reality, the report was done in

his federal drug case, and they did designate [the prayer for judgment] as a conviction and used it as an aggravating circumstance against him, giving him an additional three or four years in the federal court system.

At this time, his case in the federal court system is under appeal. And there is a possibility . . . that he may be retried and resentenced. And if they are going to consider this a conviction against him, it could have adverse effects against him.

Also, he indicates to me that he has had a change of thoughts as to whether he is legally liable or guilty in this particular charge because, I believe, the court has already heard his testimony [against the man charged in Sutton's murder]. And he indicated, as I understand, in his testimony that when [the men who were later charged in Sutton's murder] approached him; he did not really take them seriously at the time.

Marshburn, again without objection from the State, addressed the court as follows:

Sir, I was under the impression when I took the plea that the court would weigh my actual participation, if any, in the crime and then let me know if I was guilty or not. Because when I actually did take the screw out of the gun, which, you know, says that makes me an accessory; I had no idea there was a murder connected with the rifles. That's really one of the reasons.

I am just more or less asking the court to just look at the testimonies from the other [trial] and just make a decision about whether I did actually participate in the crime or not. That's more or less what I'm doing.

The defendant did not take the stand, was not cross-examined and did not offer any evidence. The trial court denied Marshburn's motion to withdraw his plea.

---

The dispositive issue is whether Marshburn provided, prior to sentencing, a fair and just reason for withdrawing his guilty plea.

Although there is no absolute right to withdraw a plea of guilty, a criminal defendant seeking to withdraw such a plea, prior to sentencing, is " 'generally accorded that right if he can show

any fair and just reason.'" *State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990) (citation omitted). If the motion to withdraw is made at a "very early stage of the proceedings, [the motion] should be granted with liberality." *Id.* at 537, 391 S.E.2d at 162. The defendant has the burden of showing that his motion to withdraw is supported by some "fair and just reason." *State v. Meyer*, 330 N.C. 738, 743, 412 S.E.2d 339, 342 (1992). Whether the reason is "fair and just" requires a consideration of a variety of factors. *Handy*, 326 N.C. at 539, 391 S.E.2d at 163. Factors which support a determination that the reason is "fair and just" include: the defendant's assertion of legal innocence; the weakness of the State's case; a short length of time between the entry of the guilty plea and the motion to withdraw; that the defendant did not have competent counsel at all times; that the defendant did not understand the consequences of the guilty plea; and that the plea was entered in haste, under coercion or at a time when the defendant was confused. *Id.* If the defendant meets his burden, the court must then consider any substantial prejudice to the State caused by the withdrawal of the plea. *Id.* "Prejudice to the State is a germane factor against granting a motion to withdraw." *Handy*, 326 N.C. at 539, 391 S.E.2d at 163. Examples of substantial prejudice include: the destruction of important physical evidence, *United States v. Jerry*, 487 F.2d 600, 611 (3d Cir. 1973); death of an important witness, *United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir.), *cert. denied*, 411 U.S. 970, 36 L. Ed. 2d 692 (1973); and other defendants with whom defendant had been joined for trial had been tried in a lengthy trial, *United States v. Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), *cert. denied*, 402 U.S. 908, 28 L. Ed. 2d 648 (1971).

In reviewing a decision of the trial court to deny defendant's motion to withdraw, the appellate court does not apply an abuse of discretion standard, but instead makes an "independent review of the record." *Handy*, 326 N.C. at 539, 391 S.E.2d at 163. That is, the appellate court must itself determine, considering the reasons given by the defendant and any prejudice to the State, if it would be fair and just to allow the motion to withdraw.

In this case, Marshburn offers two reasons to support his motion to withdraw: (1) that at the time he entered his plea he did not know whether he was guilty or not guilty; and (2) that he entered the plea with the understanding that it would not count as a conviction in a pending federal drug case when in fact it was considered by the federal court as a conviction. We evaluate

STATE v. MARSHBURN

[109 N.C. App. 105 (1993)]

these asserted reasons in the context of a motion made some eight months after the entry of the guilty plea and in light of the fact that no claim is made by Marshburn that he did not have full benefit of counsel at all times. This context requires that the reasons given by a defendant "must have considerably more force" than would be the case if the "motion comes only a day or so after the plea was entered" or if the defendant did not have competent counsel at the time he entered the plea. *Handy*, 326 N.C. at 539, 391 S.E.2d at 163 (citing *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir.), *cert. denied*, 421 U.S. 1013, 44 L. Ed. 2d 682 (1975)). In this context, we determine Marshburn has not asserted a fair and just reason for withdrawing the plea. Marshburn does not assert his innocence and the misunderstanding of which he complains relates to the effects of his plea on some unrelated criminal case. To be relevant, defendant must show that the misunderstanding related to the *direct consequences* of his plea, not a misunderstanding regarding the effect of the plea on some collateral matter.[1] *Cf. United States v. Fentress*, 792 F.2d 461, 465 (4th Cir. 1986) (in deciding whether criminal defendant's guilty plea made with full understanding of consequences, " 'no requirement to advise a defendant of every "but for" consequence' " (citation omitted)). Direct consequences are those having a " 'definite, immediate and largely automatic effect on the range of the defendant's punishment' " for the crime charged. *See Bryant v. Cherry*, 687 F.2d 48, 50 (4th Cir.), *cert. denied*, 459 U.S. 1073, 74 L. Ed. 2d 637 (1982) (quoting *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005, 38 L. Ed. 2d 241 (1973)). Any effect Marshburn's plea had on the pending federal criminal proceedings was collateral and therefore not a basis for supporting a motion to withdraw the plea at issue. The order of the trial court denying Marshburn's motion to withdraw his guilty plea is therefore

Affirmed.

Judges JOHNSON and MARTIN concur.

---

1. The facts of this case do not require us to determine, and we therefore do not address, what effect an active misrepresentation by the State as to collateral consequences would have on a defendant's right to withdraw a guilty plea entered prior to sentencing.