ZACHARY, Judge.
 

 Rocky Daryl Whitehurst, Jr. (defendant) appeals from the judgment entered upon his entry of a plea of guilty to the offense of obtaining property by false pretenses. On appeal, defendant argues that the trial court erred by denying his motion to withdraw his guilty plea. We conclude that the trial court did not err by denying his motion. Defendant also argues, and the State agrees, that the trial court erred by ordering defendant to pay $200 in restitution when no evidentiary support was offered for the amount of restitution. We conclude that the trial court erred in entering its restitution award.
 

 I. Background
 

 On 9 March 2015, the Grand Jury for Pasquotank County returned an indictment charging defendant with obtaining property by false pretenses and possession of stolen property. Defendant was arrested for these offenses on 24 April 2015, and was placed in custody. On 8 June 2015, defendant appeared before the trial court. Defendant asked to have counsel appointed to represent him on the instant charges, and expressed a wish to resolve the case on that day if possible. Accordingly, the trial court appointed counsel for defendant and held the case open.
 

 Later that day, defendant again appeared before the court. Defendant's attorney informed the trial court that defendant would plead guilty to one count of obtaining property by false pretenses, pursuant to a plea arrangement. The trial court asked defendant the questions on the plea transcript form, and defendant answered under oath. Defendant entered a plea of guilty pursuant to
 
 North Carolina v. Alford
 
 ,
 
 400 U.S. 25
 
 , 37-39,
 
 91 S.Ct. 160
 
 , 167-168,
 
 27 L.Ed.2d 162
 
 , 171-72 (1970), which held that a defendant may enter a guilty plea containing a protestation of innocence when the defendant intelligently concludes that a guilty plea is in his best interest. Defendant acknowledged that under the terms of the plea arrangement he would plead guilty to one count of obtaining property by false pretenses and receive a probationary sentence, and that the State would dismiss the charge of possession of stolen property. After the plea transcript was completed, the prosecutor summarized the factual basis for the charge against defendant. Defendant did not object to the prosecutor's summary of the factual support for the charges. Prior to sentencing, the trial court adjourned for the day. The next day, 9 June 2015, defendant appeared in court for sentencing. His counsel asked for a continuance and the trial court continued defendant's sentencing until 5 August 2015.
 

 On 3 August 2015, defendant filed a motion asking the trial court to allow him to withdraw his plea of guilty. The trial court conducted a sentencing proceeding on 5 August 2015, at which defendant's counsel asked the court to set aside defendant's plea. After hearing from defense counsel and the State, the trial court denied defendant's motion to withdraw his plea of guilty, sentenced defendant
 
 *673
 
 to a suspended term of 8 to 19 months' imprisonment, and placed defendant on 36 months of supervised probation. Defendant appealed to this Court.
 

 II. Denial of Defendant's Motion to Withdraw Guilty Plea
 

 A. Standard of Review
 

 "In reviewing a trial court's denial of a defendant's motion to withdraw a guilty plea made before sentencing, 'the appellate court does not apply an abuse of discretion standard, but instead makes an independent review of the record.' "
 
 State v. Robinson
 
 ,
 
 177 N.C.App. 225
 
 , 229,
 
 628 S.E.2d 252
 
 , 254 (2006) (quoting
 
 State v. Marshburn
 
 ,
 
 109 N.C.App. 105
 
 , 108,
 
 425 S.E.2d 715
 
 , 718 (1993) ). "There is no absolute right to withdraw a plea of guilty, however, a criminal defendant seeking to withdraw such a plea before sentencing is 'generally accorded that right if he can show any fair and just reason.' "
 
 Marshburn
 
 ,
 
 109 N.C.App. at 107-08
 
 ,
 
 425 S.E.2d at 717
 
 (quoting
 
 State v. Handy
 
 ,
 
 326 N.C. 532
 
 , 536,
 
 391 S.E.2d 159
 
 , 161 (1990) ). "The defendant has the burden of showing that his motion to withdraw is supported by some fair and just reason."
 
 Marshburn
 
 at 108,
 
 425 S.E.2d at 717
 
 (internal quotation omitted). "There is no established rule in North Carolina governing the standard by which a judge is to decide a motion to withdraw a plea of guilty prior to sentencing."
 
 Handy
 
 ,
 
 326 N.C. at 538
 
 ,
 
 391 S.E.2d at 162
 
 . However:
 

 [s]ome of the factors which favor withdrawal include whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.
 

 Handy
 
 at 539,
 
 391 S.E.2d at 163
 
 .
 

 B. Record on Appeal
 

 It is well-established that "[t]he appellate courts can judicially know only what appears of record."
 
 State v. Price
 
 ,
 
 344 N.C. 583
 
 , 593,
 
 476 S.E.2d 317
 
 , 323 (1996) (internal quotation omitted). Thus, "[t]his Court's review on appeal is limited to what is in the record or in the designated verbatim transcript of proceedings. Rule 9(a), N.C. Rules App. Proc. An appellate court cannot assume or speculate that there was prejudicial error when none appears on the record before it."
 
 State v. Moore
 
 ,
 
 75 N.C.App. 543
 
 , 548,
 
 331 S.E.2d 251
 
 , 254 (1985). In this case, defendant's appellate arguments are largely based upon certain assertions which, upon examination of the record, we determine to be inaccurate. As a result, we find it necessary to clarify the factual history of this case, as reflected by the record on appeal.
 

 The transcript of defendant's appearance in court on 8 June 2015 establishes that defendant asked to have counsel appointed and expressed a wish to resolve the pending charges that day if possible, as indicated in the following dialogue:
 

 THE COURT: Mr. Whitehurst, your new court date will be August 3rd.
 

 DEFENDANT: Is there any way I can handle it today? I was supposed to already have a lawyer.
 

 PROSECUTOR: We can see if anyone is able to talk to Mr. Whitehurst.
 

 On appeal, defendant asserts that on 8 June 2015 he asked "if he could handle his case that day,
 
 so he could get out of jail
 
 ," and that he "clearly stated when he was brought to court on 8 June 2015, that he wanted to handle his case that day,
 
 so he could get out of jail
 
 ." On the basis of these contentions, defendant argues that defendant entered a plea of guilty "for the
 
 express purpose of getting out of jail
 
 " and that there is "no doubt that [defendant] would not have entered a guilty plea" had he not been in custody. (emphasis added). There is no support in the record for the assertion that defendant informed the trial court that he wanted to resolve his case promptly "so he could get out of jail." A review of the transcript shows that defendant neither mentioned the fact of his incarceration nor shared any other information related to his motivation for seeking a prompt resolution of the charges against him, and we disregard defendant's appellate contentions to the contrary.
 

 As discussed above, the proceedings concluded on 8 June 2015 after defendant had
 
 *674
 
 pleaded guilty to obtaining property by false pretenses, but before defendant had been sentenced. Defendant contends on appeal that the court recessed overnight because defendant "objected as the State was presenting the factual basis for his plea," and that "[w]ith [defendant] disputing the factual basis for his plea, the trial court decided to adjourn court for the day[.]" Defendant further asserts that "[w]hen [defendant] disputed the factual basis for his plea, the court halted the proceedings and ordered [defendant] returned to the jail until the following day."
 

 However, the record does not support this assertion. The transcript includes no statements by defendant or his counsel indicating that defendant disputed the accuracy of the prosecutor's factual summary. We note that the prosecutor's summary included a recitation of items that had been stolen and were later sold to a pawn shop by defendant and two codefendants. After the prosecutor listed the stolen objects, the following dialogue took place:
 

 PROSECUTOR: Two shovels, a Pepsi hat, toys and bottles, a Pepsi thermometer and a Pepsi carton. And that would be the showing.
 

 THE COURT: Mr. Sellers?
 

 DEFENSE COUNSEL: Yes, your Honor.
 

 THE COURT: Anything as to the facts?
 

 DEFENSE COUNSEL: Your Honor, Mr. Whitehurst was aware of at least one thermometer. (indiscernible).
 

 THE COURT: Bring him back tomorrow. Mr. Sheriff, if you will adjourn us.
 

 We discern nothing in this colloquy to indicate that defendant disputed the State's proffer of a factual basis for the charges. In fact, his counsel acknowledged that defendant was "aware of at least one thermometer" among the stolen items. We conclude that the record does not establish that defendant objected to the prosecutor's summary of the evidence and that the transcript does not indicate a specific reason for the court's decision to resume the proceedings on the following day. In considering the merits of defendant's appellate arguments, we will disregard his contention that defendant objected to the State's summary of the factual basis for the charges.
 

 Defendant has also mischaracterized in two respects the proceedings that occurred on 9 June 2015. First, defendant repeatedly states on appeal that when he appeared in court on 9 June 2015, "the trial court refused to hear" his case because he "was dressed inappropriately for court[,]" that he "was unable to enter the courtroom due to being inappropriately dressed," and that the trial court "would not hear [his] motion on June 9, 2015, because [he] was not dressed appropriately for court." The transcript, however, reflects that at the outset of the hearing on 9 June 2015, defendant's counsel noted that defendant was wearing shorts because he had just been released from custody, and asked that the sentencing be continued. When the prosecutor indicated that the parties might have a disagreement regarding the amount of restitution, the trial court granted the continuance that had been requested by defendant. The trial court neither "refused to hear" defendant's sentencing proceeding nor made any comment concerning defendant's appearance. This assertion is simply not supported by the record.
 

 In addition, defendant repeatedly asserts that during defendant's brief appearance before the trial court on 9 June 2015, he "moved to withdraw his
 
 Alford
 
 plea entered the previous day[.]" Defendant contends that he "promptly" moved to set aside his plea, on the grounds that on the day after pleading guilty defendant "immediately came to court and asked to withdraw his
 
 Alford
 
 plea[.]" However, a review of the transcript of the court proceedings conducted on 9 June 2015 shows that neither defendant nor his trial counsel asked to withdraw his guilty plea or made any statements concerning defendant's satisfaction with the terms of the plea arrangement. In addition, the written motion for withdrawal of the guilty plea was filed on 3 August 2015, approximately 55 days after defendant entered his plea, rather than the next morning as defendant alleges. We conclude that there is no evidence that defendant moved to withdraw his plea of guilty prior to 3 August 2015.
 
 [1]
 

 *675
 
 In sum, the record establishes the following: (1) On 8 June 2015, defendant expressed a desire to resolve the case on that day, but neither stated that he was motivated by a wish to be released from jail nor indicated any other specific reason for this course of action; (2) At the plea hearing conducted on 8 June 2015, defendant did not object to the prosecutor's summary of the factual support for the charges against defendant; (3) On 9 June 2015, the trial court did not express an opinion regarding defendant's clothing or refuse to consider defendant's sentencing hearing because of defendant's "inappropriate" attire; and (4) On 9 June 2015, defendant did not move to withdraw his plea of guilty or make any other representation regarding his satisfaction with the plea arrangement.
 

 C. Discussion
 

 On appeal, defendant argues that the trial court erred by denying his motion to withdraw his plea of guilty on the grounds that at the hearing on 5 August 2015 he offered a "fair and just reason" for withdrawal. We disagree.
 

 Defendant maintains that he "hastily entered his
 
 Alford
 
 plea while he was under duress." Defendant has not identified any evidence that his plea was entered in haste and defendant does not dispute that he was arrested on the present charges in April, 2015, and entered a plea of guilty more than a month later. We conclude that there is no evidence that defendant's plea was entered "hastily." Defendant's assertion that he entered a plea "under duress" is supported solely by the fact that defendant was in custody when he pleaded guilty. Defendant appears to suggest that any guilty plea entered while a defendant is incarcerated is entered under duress, because there is "no stronger form of coercion or duress than being held in jail against one's will." Defendant cites no authority for the proposition that the fact that a defendant is incarcerated is
 
 per se
 
 evidence of coercion, and we decline to adopt the position proposed by defendant.
 

 Defendant argues next that he "promptly moved to withdraw his
 
 Alford
 
 guilty plea the next day" after its entry. We have concluded that the record shows that defendant moved to withdraw his plea of guilty on 3 August 2015, rather than on "the next day" after he pleaded guilty. On appeal, defendant does not explain his delay or offer any argument that his motion of 3 August 2015 should be treated as one that was made promptly after the entry of the plea. We conclude that defendant has failed to establish any right to relief on the basis of the timing of his motion to withdraw his plea of guilty.
 

 Defendant also contends that the "State's case against [him] was weak." The basis for this assertion is not entirely clear. On 8 June 2015, the prosecutor summarized the factual basis for the charges against defendant. The prosecutor stated that certain items were reported stolen by their owner; that defendant and two others pawned the items in a local pawn shop; and that the items were recovered at the pawn shop. The prosecutor's summary, which defendant does not challenge, indicates that the case against defendant was simple and straightforward. Defendant does not identify evidentiary issues as to the identity of either the stolen items or the individuals who pawned them, and does not contend that the case presented complex legal or forensic issues. We conclude that defendant has failed to effectively challenge the strength of the State's evidence against him.
 

 In addition, defendant maintains that he "asserted his legal innocence by contesting the factual basis for his plea" and by entering an
 
 Alford
 
 plea. As discussed above, there is no evidence that defendant challenged the factual basis for his plea. Defendant also argues that his decision to enter an
 
 Alford
 
 guilty plea is evidence of his assertion of innocence. Defendant supports this contention with a quotation from
 
 State v. Chery
 
 ,
 
 203 N.C.App. 310
 
 , 314,
 
 691 S.E.2d 40
 
 , 44 (2010), in which we held that, for purposes of analyzing the defendant's motion to withdraw his guilty plea, "there is no material difference between a no contest plea and an
 
 Alford
 
 plea." However, in
 
 Chery
 
 this Court
 
 rejected
 
 the defendant's argument that his entry of an
 
 Alford
 
 plea established his assertion of legal innocence:
 

 *676
 
 As one of the bases for his motion to withdraw his plea, defendant relies heavily upon the fact that he entered a no contest/
 
 Alford
 
 plea rather than pleading guilty to the conspiracy charge.... [Defendant] assert[s] that his plea, in and of itself, equated to a conclusive assertion of innocence.... We hold the fact that the plea that defendant seeks to withdraw was a no contest or an
 
 Alford
 
 plea does not conclusively establish the factor of assertion of legal innocence for purposes of the
 
 Handy
 
 analysis.
 

 Chery
 
 ,
 
 203 N.C.App. at 314-15
 
 ,
 
 691 S.E.2d at 44
 
 . We conclude that defendant has failed to show that he has asserted his legal innocence. As a result, we do not consider this contention as a basis for withdrawal of his guilty plea.
 

 Defendant also asserts that the withdrawal of his guilty plea would not have prejudiced the State. However, defendant has not shown that the factors identified in
 
 Handy
 
 support withdrawal of his plea, and we conclude that defendant has failed to establish that he had a fair and just reason to withdraw his plea of guilty. "[T]he burden does not shift to the State to show prejudice until the defendant has established a fair and just reason existed to withdraw his plea. Because defendant has failed to meet his burden of showing a fair and just reason existed to withdraw his plea, we do not address prejudice against the State."
 
 Chery
 
 ,
 
 203 N.C.App. at 318
 
 ,
 
 691 S.E.2d at 46-47
 
 (citations omitted).
 

 III. Restitution
 

 Defendant next argues, and the State agrees, that the trial court erred by ordering him to pay restitution in the absence of any evidence to support the amount of restitution. We conclude that this argument has merit.
 

 "The amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing. The unsworn statement of the prosecutor is insufficient to support the amount of restitution ordered."
 
 State v. Shelton
 
 ,
 
 167 N.C.App. 225
 
 , 233,
 
 605 S.E.2d 228
 
 , 233 (2004) (internal quotation and citation omitted).
 

 In this case, the trial court signed an order directing defendant to pay $200 in restitution on 8 June 2015. No testimony was adduced as to the amount of restitution on 8 June 2015, and the record does not include any other evidence, such as a sworn affidavit, upon which the trial court could have based its restitution order. We conclude that the restitution order must be vacated and remanded to the trial court.
 

 IV. Conclusion
 

 For the reasons discussed above, we conclude that the trial court did not err by denying defendant's motion to withdraw his plea of guilty. We further conclude that the trial court erred in entering its restitution order.
 

 NO ERROR IN PART, VACATED AND REMANDED IN PART.
 

 Chief Judge McGEE and Judge HUNTER concur.
 

 [1]
 

 On 16 April 2016, eight months after defendant's sentencing hearing, the trial court signed a written order denying defendant's motion to withdraw his guilty plea, which included a finding that defendant moved to withdraw his guilty plea on 9 June 2015. We conclude that this finding, which is contradicted by the transcript of the 9 June 2015 hearing, was erroneously included in the written order.