IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-936

Filed 4 June 2024

New Hanover County, Nos. 18 CRS 58339-42

STATE OF NORTH CAROLINA

v.

MARKEE DEKOY SCOTT, Defendant.

Appeal by Defendant from judgments entered 10 January 2023 by Judge Robert C. Roupe in New Hanover County Superior Court. Heard in the Court of Appeals 14 May 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Carolyn McLain, for the State.*

*The Carolina Law Group, by Kirby H. Smith, III, for Defendant.*

GRIFFIN, Judge.

Defendant Markee Dekoy Scott appeals from judgments entered upon a guilty plea to four counts of selling crack cocaine. Defendant also petitions this Court for a writ of certiorari to review whether the trial court properly advised him of the direct consequences of his guilty plea. Defendant contends the trial court erred by denying his motion to withdraw his guilty plea because the State withheld information necessary for an informed decision and by failing to adequately inform him of the consequences of pleading guilty. We deny Defendant's petition and hold the trial

court did not err because Defendant failed to offer a just and fair reason for withdrawing his guilty plea.

## I. Factual and Procedural Background

Between 26 September 2017 and 7 May 2018, on four separate occasions, Defendant sold crack cocaine to confidential informants working on behalf of the Wilmington Police Department. Each transaction was recorded on video. On 13 May 2019, Defendant was indicted for four counts of selling crack cocaine, four counts of delivering crack cocaine, and four counts of possession with intent to sell and deliver crack cocaine. On 15 July 2021, Defendant pled guilty to four counts of selling crack cocaine. In exchange, the State dismissed the remaining counts. Anticipating that Defendant would testify on the State's behalf in another matter, the State prayed for judgment to be continued and the trial court granted Defendant pretrial release.

On 5 September 2021, while on pretrial release, Defendant was arrested and charged with possession of a firearm by a felon, carrying a concealed weapon, assault on a female, and larceny. His pretrial release was subsequently revoked. Defendant chose not to testify in the unrelated matter. As a result of Defendant's decision, on 10 January 2023, the State prayed for judgment and Defendant's matter came on for sentencing. At sentencing, Defendant moved to withdraw his plea. After reviewing the plea colloquy, the trial court denied his motion, consolidated two of the four counts, and entered three judgments upon Defendant's guilty plea. Defendant was sentenced to nineteen to thirty-two months' incarceration for each judgment to be

served consecutively. Defendant timely appealed.

## II. Analysis

### A. Petition for Writ of Certiorari

Defendant argues the trial court erred by failing to properly advise him of the consequences of his plea agreement. Specifically, Defendant contends the trial court "could not properly advise [Defendant] of the direct consequences of his guilty pleas, pursuant to N.C.G.S. § 15A-1022(b), because it was not informed of a side agreement between the parties."

A defendant who pleads guilty may only appeal their plea under limited circumstances. *State v. Ledbetter*, 371 N.C. 192, 195, 814 S.E.2d 39, 42 (2018). Pursuant to N.C. Gen. Stat. § 15A-1444, a defendant who has pled guilty has the right to appeal whether their sentence:

> (1) [r]esults from an incorrect finding of the defendant's prior record level under [N.C. Gen. Stat. §] 15A-1340.14 or the defendant's prior conviction level under [N.C. Gen. Stat. §] 15A-1340.21;
>
> (2) [c]ontains a type of sentence disposition that is not authorized by [N.C. Gen. Stat. §] 15A-1340.17 or [N.C. Gen. Stat. §] 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
>
> (3) [c]ontains a term of imprisonment that is for a duration not authorized by [N.C. Gen. Stat. §] 15A-1340.17 or [N.C. Gen. Stat. §] 15A-1340.23 for the defendant's class of offense and prior record or conviction level.

N.C. Gen. Stat. § 15A-1444(a2)(1)–(3) (2023). A defendant may also appeal "whether his or her sentence is supported by evidence introduced at the trial and sentencing

hearing [] if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense[,]" as well as from the denial of a motion to withdraw their plea N.C. Gen. Stat. § 15A-1444(a1), (e) (2023).

Defendant's argument that the trial court did not inform Defendant of the consequences of his guilty plea because neither defense counsel nor the prosecution informed the trial court of the arrangement for Defendant to testify in an unrelated matter is not appealable. Acknowledging this, Defendant petitions this Court for a writ of certiorari.

A defendant challenging whether the trial court improperly accepted a guilty plea "may obtain appellate review [] upon grant of a writ of certiorari." *State v. Bolinger*, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987); *see also State v. Demaio*, 216 N.C. App. 558, 563, 716 S.E.2d 863, 866 (2011) (granting a defendant's petition for a writ of certiorari to review whether the trial court improperly accepted his guilty plea). However, "'[a] petition for the writ must show merit or that error was probably committed below. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown.'" *State v. Rouson*, 226 N.C. App. 562, 563–64, 741 S.E.2d 470, 471 (2013) (quoting *State v. Grundler*, 251 N.C. 117, 189, 111 S.E.2d 1, 9 (1959)).

Here, the record reflects the omission of Defendant's agreement was at his request. Defendant did not want his name appearing "in the plea transcript as cooperating with the State . . . so that language was left out of the [plea] transcript."

As this was Defendant's request, the omission of the cooperation agreement is at most invited error. *See State v. Thompson*, 359 N.C. 77, 103, 604 S.E.2d 850, 869 (2004) ("A defendant is therefore precluded from obtaining relief when the error was invited by his own conduct." (citation and internal marks omitted)). Additionally, the cooperation agreement did not impact Defendant's sentence because the initial plea agreement stipulated there was "no specific agreement as to the terms of what sentencing will occur."

In fact, while examining Defendant, the trial court went to great lengths to ensure Defendant understood the potential consequences of his plea. The trial court stated " . . . the State could pray judgment and you could get [nineteen] – this is the top of the presumptive – [nineteen] months minimum to [thirty-two] months maximum in four consecutive sentences." The trial court forecasted Defendant's argument on the record, stating:

> . . . I'm concerned, and I'll state it right out there, that if you come back in eight months or something and say, Well, I thought I was going to get probation, and it's, like, well, then we – the State, not me – but the State could say, Well, the State thought he was going to do X and he didn't do X; therefore, we're putting the hammer on him. That's a possibility, all right? I'm not trying to dissuade anybody, but I just want to be clear. There could be four active sentences like I discussed and it could be probation.

Thus, Defendant's contention that the trial court could not properly inform him of the consequences of pleading guilty is incorrect. The trial court plainly stated what could and did happen. Defendant chose to plead guilty, did not cooperate with the State,

and was then sentenced to three consecutive sentences of nineteen to thirty-two months' incarceration.

Accordingly, we deny Defendant's petition for a writ of certiorari as it is without merit.

## B. Motion to Withdraw

Next, Defendant contends the trial court erred by denying his motion to withdraw his plea because he made the motion for a fair and just reason. Specifically, Defendant contends the State chose not to serve him with an outstanding order for his arrest prior to the entry of his guilty plea "for punitive purposes, in the event [Defendant] failed to cooperate with the State's prosecution" in the unrelated matter. However, Defendant also acknowledges "[i]t is undisputed that all the parties in this case were unaware [Defendant] had an outstanding order for his arrest at the time he pled guilty."

When "reviewing a trial court's denial of a defendant's motion to withdraw a guilty plea made before sentencing, the appellate court . . . makes an independent review of the record." *State v. Chery*, 203 N.C. App. 310, 312, 691 S.E.2d 40, 43 (2010) (citation and internal marks omitted). If a "defendant seeks to withdraw his guilty plea before sentence, he is generally accorded that right if he can show any fair and just reason." *State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990) (citations and internal marks omitted); *see also State v. Marshburn*, 109 N.C. App. 105, 108, 425 S.E.2d 715, 717 (1993). However, "there is no absolute right to withdraw a guilty

plea[.]" *State v. Taylor*, 374 N.C. 710, 718, 843 S.E.2d 46, 52 (2020); *see also State v. Robinson*, 177 N.C. App. 225, 229, 628 S.E.2d 252, 254 (2006). "Whether the [defendant's] reason is fair and just requires a consideration of a variety of factors." *Marshburn*, 109 N.C. App. at 108, 425 S.E.2d at 717 (citations and internal marks omitted).

> Some of the factors which favor withdrawal include whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.

*Taylor,* 374 N.C. at 716, 843 S.E.2d 46, 50 (citing *Handy*, 326 N.C. at 539, 391 S.E.2d at 163 (citations omitted)). When a defendant provides "a fair and just reason in support of his motion to withdraw, the State may refute the [defenda]nt's showing by evidence of concrete prejudice to its case by reason of the withdrawal of the plea." *State v. Meyer*, 330 N.C. 738, 743, 412 S.E.2d 339, 342 (1992) (citation and internal marks omitted). However, if we determine that a defendant has failed to provide an adequate reason to support their motion, then we do not analyze prejudice to the State. *Taylor*, 374 N.C. at 725, 843 S.E.2d at 56.

Here, Defendant failed to show a just and fair reason to withdraw his plea. Reviewing the record under the precedent set forth in *Handy*, all factors weigh against Defendant. Defendant never asserted his innocence. Rather, Defendant,

under oath, stated he was in fact guilty of each count of selling crack cocaine that he was indicted for and subsequently pled guilty to. Moreover, the State's proffer of evidence was strong as it included video recordings capturing Defendant selling crack cocaine to undercover informants. The State also tested the substances sold and confirmed they were all crack cocaine. In addition to the strength of the State's case, Defendant also acknowledged, during both the plea examination and during sentencing, that he was represented by competent counsel throughout the trial court proceedings--an attorney who is a certified specialist in criminal law.

The record also does not reflect that the guilty plea was entered in haste or at a time when Defendant was confused. Defendant entered his plea approximately fourteen months after he was indicted. He then moved to withdraw the plea approximately seventeen months later. This amount of time reflects a series of reasoned decisions rather than one made in haste. *See Marshburn*, 109 N.C. App. at 108–09, 425 S.E.2d at 718 (explaining an eight-month delay in moving to withdraw a guilty plea requires stronger reasoning than had the defendant moved to withdraw only a few days after entering the plea). Defendant also fully understood the consequences of pleading guilty. The trial court explicitly forecasted the potential outcome and sentence that was later entered. During the plea examination, the trial court informed Defendant that he could be made to serve four consecutive sentences rather than the three which were entered at sentencing.

Defendant also argues he was coerced into pleading guilty as the State knew

of an outstanding order for his arrest but chose not to serve him with it for punitive purposes. Whether the State chose not to serve Defendant with the outstanding order for his arrest is of no consequence to his guilty plea here. As an initial observation, the record does not contain the order at issue. Thus, we are unable to ascertain whether that order even related to the present case. Regardless, the record reflects that Defendant moved to withdraw his guilty plea in an effort to resolve the matter and have it dismissed, not because he was coerced into pleading guilty. At sentencing, Defendant stated:

> I'm ready to get this resolved, like, if we can, like dismiss it, because I've got other matters that I've been locked up for for [sixteen] months. So my – it's kind of, like, hindering me from taking care of the other cases. It's been going on for, like, what two years now, this case? And so I'm just trying to get it resolved.

Defendant's statements belie his argument on appeal and reflect he was dissatisfied with the outcome of his plea despite being made fully aware of said outcome prior to entering the plea.

In total, a review of the record within the framework of *Handy* fails to show Defendant carried his burden of offering a fair and just reason to withdraw his guilty plea.

We take this opportunity to clarify the test used to determine whether a motion to withdraw a guilty plea should be granted. Defendant argues:

> [i]t is the responsibility [of] the appellate court to determine for itself, considering the reasons given by the

> defendant and <u>*any prejudice to the State*</u>, if it would be fair and just to allow the motion to withdraw. *Marshburn*, 109 N.C. App. at 108, 425 S.E.2d at 718 (emphasis added). Accordingly, motions to withdraw a guilty plea, prior to sentencing, should be liberally granted if there is a fair and just reason to grant the motion and if the State is not materially prejudiced by the granting of the motion.

This reflects an erroneous understanding that the reason given by a defendant is weighed against any prejudice to the State. This is an oversimplification of the standard. The correct standard requires us to analyze prejudice to the State *only if* a defendant carries their burden of showing a just and fair reason for withdrawing their guilty plea. If a defendant carries their burden, *then* we weigh that reason against prejudice to the State. In *State v. Taylor*, our Supreme Court held that analysis of prejudice to the State is not required if a defendant fails to offer a fair and just reason for withdrawing their plea. *Taylor*, 374 N.C. at 725, 843 S.E.2d at 56. There, a panel of this Court, after examining the *Handy* factors, concluded the defendant "failed to demonstrate a fair and just reason for the withdrawal of his plea." *State v. Taylor*, 263 N.C. App. 413, 2018 WL 6614053, at *8 (2018). We then examined the State's argument that allowing the defendant to withdraw his plea would prejudice their case. *State v. Taylor*, 2018 WL 6614053, at *9. On review, our Supreme Court held this subsequent analysis to be "unnecessary surplusage," as we had already determined the defendant did not offer a fair and just reason under the *Handy* factors. *Taylor*, 374 N.C. at 725, 843 S.E.2d at 56. Thus, guided by the holding in *Taylor*, we do not examine the prejudice, or lack thereof, to the State's case here.

After an independent review of the record, we cannot conclude that Defendant provided a fair and just reason for withdrawing his guilty plea.

**III.    Conclusion**

For the aforementioned reasons, we hold the trial court did not err by denying Defendant's motion to withdraw his guilty plea because Defendant failed to offer a just and fair reason for doing so.

AFFIRMED.

Judges MURPHY and GORE concur.