STATE OF NORTH CAROLINA v. RICKY LEE DAVIS

No. COA01-312

(Filed 7 May 2002)

**Criminal Law— guilty plea—motion to withdraw denied**

The trial court did not err in a prosecution for second-degree murder, driving while impaired, and felony hit and run by denying defendant's motion to withdraw his plea of guilty pursuant to a plea bargain. Although defendant contends that he entered the plea hastily and did not understand that he was pleading guilty to second-degree murder, the record shows otherwise. Furthermore, the State's proffer of evidence was significant.

Appeal by defendant from judgment entered 13 December 2000 by Judge William H. Freeman in Superior Court, Surry County. Heard in the Court of Appeals 23 January 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Charles R. Briggs for defendant-appellant.*

McGEE, Judge.

Ricky Lee Davis (defendant) was indicted on 5 September 2000 for second degree murder, driving while impaired, and felony hit and run. These charges resulted from an automobile collision on 18 February 2000, in which defendant lost control of the car he was driving and crashed. A young passenger in defendant's car was killed. Defendant left the scene of the accident. Defendant pled guilty to all charges on 5 December 2000, pursuant to a plea agreement whereby judgment was arrested on the driving while impaired charge, and the remaining charges were consolidated for sentencing with the second degree murder charge.

A sentencing hearing was scheduled for 13 December 2000. Defendant filed a motion to withdraw his plea on 12 December 2000. A hearing was held on defendant's motion on 13 December 2000. The trial court denied defendant's motion to withdraw the plea and sentenced defendant to 170 to 213 months in prison. Defendant appeals from the denial of his motion to withdraw his guilty plea.

Defendant first argues the trial court erred in failing to grant defendant's motion to withdraw his guilty plea prior to sentencing

because fair and just reasons existed for his withdrawal request. Defendant contends he hastily entered into the plea agreement and did not understand exactly to which charge he was pleading guilty. We disagree.

In reviewing a motion to withdraw a guilty plea, "the appellate court does not apply an abuse of discretion standard, but instead makes an 'independent review of the record.'" *State v Marshburn*, 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993) (quoting *State v. Handy*, 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990)). Our Court "must itself determine, considering the reasons given by the defendant and any prejudice to the State, if it would be fair and just to allow [a] motion to withdraw." *Marshburn*, 109 N.C. App. at 108, 425 S.E.2d at 718. In general, a "presentence motion to withdraw a plea of guilty should be allowed for any fair and just reason." *Handy*, 326 N.C. at 539, 391 S.E.2d at 162.

In reviewing such a motion, this Court may consider

> whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.

*Id.*, 326 N.C. at 539, 391 S.E.2d at 163 (citations omitted). In the case before us defendant filed a motion to withdraw his guilty plea seven days after he entered the plea. Defendant testified he was confused and wanted to withdraw his plea because he thought he was pleading guilty to driving while impaired and not to second degree murder. There was not a showing of any considerable prejudice to the State.

However, while defendant testified to confusion and misunderstanding, the record shows otherwise. Defendant met with his attorney and the prosecutor prior to defendant entering his plea and all three discussed consequences of pleading guilty to the charges and the consequences of pleading not guilty to the charges. Defendant then watched his attorney fill out the plea transcript and listened to and answered his attorney's questions concerning the transcript. The transcript reveals defendant understood his right to plead not guilty, understood he was pleading guilty to all charges, and understood as

STATE v. DAVIS

[150 N.C. App. 205 (2002)]

a condition of the plea all charges would be consolidated for sentencing into the second degree murder charge. In front of the trial court, defendant answered questions concerning the plea transcript.

> THE COURT: Mr. Davis, you went over all these questions on the plea transcript with your lawyer, didn't you?
>
> MR. DAVIS: Yes, sir.
>
> THE COURT: Did you understand all the questions and give truthful and honest answers?
>
> MR. DAVIS: Yes, sir.
>
> THE COURT: You understand you're pleading guilty to second degree murder, driving while impaired, and driving while your license revoked, and hit and run?
>
> MR. DAVIS: Um-hum.
>
> . . .
>
> THE COURT: The plea bargain in your case is that all these charges are consolidated into the second degree murder charge; sentencing will occur on Wednesday, December 13th, year 2000. Is that correct and you accept that arrangement?
>
> MR. DAVIS: Yeah.

We note defendant's attorney was present with defendant when defendant discussed his options with the prosecutor and when defendant appeared before the trial court. The record reveals no evidence of haste or coercion in entering defendant's plea. Defendant's only assertion of legal innocence was an answer to his attorney's direct question, "Do you feel like you're guilty of second degree murder?" Defendant answered, "No, sir." In *State v. Graham*, 122 N.C. App. 635, 637, 471 S.E.2d 100, 102 (1996), the defendant made a similar statement when he stated he " 'always felt that he was not guilty[.]' " This Court held the statement by the defendant was not a "concrete assertion of innocence[.]" *Id.*

Furthermore, the State's proffer of evidence was significant. Our review of the record reveals the State was prepared to offer several eyewitnesses who would have testified to defendant's drunken condition at the time the accident occurred and his erratic driving. The State was also prepared to enter evidence of defendant's blood alco-

hol content being .23 at the time of the accident, along with defendant's two prior convictions for drunk driving.

Having considered all the *Handy* factors, we conclude defendant has failed to present a fair and just reason for withdrawal of his plea, and the trial court properly denied defendant's motion to withdraw his plea. We overrule this assignment of error.

We have carefully reviewed the record in this matter in accord with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), as requested by defendant's attorney, and have found no error in the hearing and determination of the charges against defendant.

We affirm the trial court's denial of defendant's motion to withdraw his plea of guilty.

Affirmed.

Judges WALKER and BIGGS concur.