MURPHY, Judge.
 

 *212
 
 Where a defendant moves to withdraw his plea of guilty or no contest before sentencing but after he has been informed of his sentence by the presiding judge, such
 
 *111
 
 motion need only be granted where a trial court's denial would result in a manifest injustice. Here, Defendant, Benjamin Curtis Lankford, moved to withdraw his plea of no contest more than two months after he was told his sentence by the trial court. The trial court's denial of Defendant's motion did not result in a manifest injustice, and is affirmed.
 

 BACKGROUND
 

 Defendant was indicted for fleeing to elude arrest, speeding, driving left of center, driving while license revoked, and attaining the status of habitual felon. On 3 February 2018, Defendant entered a plea of no contest to the charges of fleeing to elude arrest, driving while license revoked, and attaining habitual felon status. Nine other charges were dismissed in exchange for his plea. At this hearing, Defendant was advised that he would "be sentenced as a habitual felon at a Class D, prior record level VI, at the lowest end of the mitigated range not less than 77 months nor more than 105 months in the North Carolina Department of Adult Corrections." Defendant was granted pretrial release, and the matter was continued until 2 April 2018, when judgment was to be entered. Defendant failed to appear for his scheduled sentencing hearing, and an order for his arrest was issued on 9 April 2018.
 

 On 8 May 2018, Defendant appeared before the Superior Court on a motion to withdraw his no contest plea. Defendant explained that he believed his plea agreement included a provision that allowed him to amend his plea "if there was any evidence that was brought forth of this case[,]" and that he wished to withdraw his plea. Defendant also told the trial court, "I'm not guilty of these charges that they've charged me with[.]" Defendant's counsel asked to respond to his client's statements and argued "the State could prove absolutely and without a doubt in [trial counsel's] opinion" that Defendant was guilty as charged. Defendant's counsel explained that Defendant was not claiming innocence regarding the charges he had pled to, but was "talking about the possession of a firearm by a felon [charge], one of the cases that would be dismissed [under his plea agreement]." Counsel further expressed that he had advised Defendant against filing a motion to withdraw his plea, and that, if the trial court granted the motion, counsel would need to withdraw his representation because there would be "a conflict that couldn't never [sic] be solved."
 

 *213
 
 The trial court found that Defendant had received competent legal representation and had not been coerced into entering his original plea of no contest. Subsequently, the trial court concluded there was no fair and just reason that Defendant should be permitted to withdraw his plea and denied Defendant's motion to do so. The trial court entered judgment upon the plea of no contest and sentenced Defendant, as previously announced, to an active term of 77 to 105 months.
 

 ANALYSIS
 

 In his only argument on appeal, Defendant argues the trial court erred in denying his motion to withdraw his plea of no contest. Defendant contends the trial court was required to grant his motion because he presented a fair and just reason for withdrawal and the State did not allege or show any substantial prejudice which would have been caused by the withdrawal.
 

 "While there is no absolute right to withdrawal of a guilty plea, withdrawal motions made prior to sentencing, and especially at a very early stage of the proceedings, should be granted with liberality[.]"
 
 State v. Handy
 
 ,
 
 326 N.C. 532
 
 , 537,
 
 391 S.E.2d 159
 
 , 161-62 (1990) (internal citations omitted).
 

 In a case where the defendant seeks to withdraw his guilty plea before sentence, he is generally accorded that right if he can show any fair and just reason. On the other hand, where the guilty plea is sought to be withdrawn by the defendant after sentence, it should be granted only to avoid manifest injustice.
 

 Id.
 
 at 536,
 
 391 S.E.2d at 161
 
 (quoting
 
 State v. Olish
 
 ,
 
 164 W.Va. 712
 
 , 715,
 
 266 S.E.2d 134
 
 , 136 (1980) ). Here, Defendant had not yet been sentenced, but had known his sentence for nearly three months before he moved to withdraw his plea of no contest.
 

 *112
 
 During his February hearing, Defendant was advised by the trial court that he would "be sentenced as a habitual felon at a Class D, prior record level VI, at the lowest end of the mitigated range not less than 77 months nor more than 105 months in the North Carolina Department of Adult Corrections." We find this situation different from that in
 
 Handy
 
 , where the defendant attempted to withdraw his guilty plea before he became aware of his sentence. Indeed, in every case the parties cite in their briefs, and all of the cases found in our independent analysis of this issue, the defendant moved to withdraw his plea before he knew his sentence.
 
 See, e.g.,
 

 Handy
 
 ,
 
 326 N.C. at 534-35
 
 ,
 
 391 S.E.2d at
 
 160 ;
 

 *214
 

 State v. Meyer
 
 ,
 
 330 N.C. 738
 
 , 740,
 
 412 S.E.2d 339
 
 , 340 (1992) ;
 
 State v. Deal
 
 ,
 
 99 N.C. App. 456
 
 , 457,
 
 393 S.E.2d 317
 
 , 317 (1990). Whether to grant the level of deference from
 
 Handy
 
 in a case where the defendant moves to withdraw his plea prior to sentencing but after learning his sentence is a matter of first impression.
 

 In
 
 Handy
 
 , the North Carolina Supreme Court reasoned: "A fundamental distinction exists between situations in which a defendant pleads guilty but changes his mind and seeks to withdraw the plea before sentencing and in which a defendant only attempts to withdraw the guilty plea after he hears and is dissatisfied with the sentence."
 
 Handy
 
 ,
 
 326 N.C. at 536
 
 ,
 
 391 S.E.2d at 161
 
 . In so reasoning, our Supreme Court recognized some key differences between these two situations:
 

 First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.
 

 These considerations are not present where the defendant seeks to withdraw the guilty plea prior to sentencing.
 

 Id.
 
 at 537,
 
 391 S.E.2d at
 
 161 (citing
 
 Olish
 
 ,
 
 164 W.Va. at 716
 
 ,
 
 266 S.E.2d at 136
 
 (citation omitted)).
 
 [1]
 
 All three considerations are present here,
 
 *215
 
 where Defendant already knew his sentence but was granted a continuance and presentence release. We hold that in such cases it is appropriate to review the trial court's denial of Defendant's motion only to determine whether it amounted to a manifest injustice, and not according to the "any fair and just reason" standard.
 

 Inevitably, we look to similar factors to those described in our existing caselaw to determine whether a denial would amount to a manifest injustice. As is discussed in greater detail below, Defendant had already received part of the benefit of his plea agreement by the time he moved to withdraw it, did not protest his innocence of the charges to which he had already pled guilty, and failed to provide the trial court any other reason why his withdrawal was imperative. The trial court's denial of Defendant's motion does not amount to a manifest injustice.
 

 *113
 
 Even assuming
 
 arguendo
 
 the fair and just standard does apply, Defendant's argument on appeal fails. We "must look to the facts of each case to determine whether a defendant has come forward with a fair and just reason to allow withdrawal of his guilty pleas."
 
 Meyer
 
 ,
 
 330 N.C. at 743-44
 
 ,
 
 412 S.E.2d at 343
 
 . Some factors we have considered are "whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times."
 
 Handy
 
 ,
 
 326 N.C. at 539
 
 ,
 
 391 S.E.2d at 163
 
 . Here, after a careful review of the record before us, we cannot conclude Defendant offered a fair and just reason for withdrawing his plea, let alone that the trial court's denial of Defendant's motion resulted in a manifest injustice.
 

 Regarding a protestation of innocence, Defendant told the trial court, "I'm not guilty of these charges that they've charged me with[.]" Although at first glance this appears to be a protestation of innocence, upon reading the entire record we cannot determine with clarity whether Defendant was claiming actual innocence of the charges to which he had pled no contest. After Defendant claimed he was not guilty of the charges, his counsel explained to the trial court, "he's talking about the possession of a firearm by a felon [charge], one of the cases that would be dismissed [under his plea agreement]." The closest Defendant comes to protesting his innocence of the charges to which he initially pled was explaining, "I just feel like if everything is brought out in every
 
 *216
 
 case that every officer has charged me with, I know what I'm guilty of and I know what I'm not guilty of. I'm not guilty of all these charges." Reviewing the entire record, we are not convinced Defendant protested his innocence of the relevant charges in his motion to withdraw his plea.
 

 As for the temporal factor, Defendant moved to withdraw his plea approximately ten weeks after he initially entered it. The timing of a motion for withdrawal in relation to the initial plea has received considerable attention by our appellate courts. For example, the defendant in
 
 Handy
 
 -who was allowed to withdraw his plea-moved to withdraw his plea less than 24 hours after he initially entered it.
 
 Handy
 
 ,
 
 326 N.C. at 534-35
 
 ,
 
 391 S.E.2d at 160
 
 . In
 
 Meyer
 
 , on the other hand, the defendant's motion to withdraw was denied in part because it was made almost four months after the defendant initially entered his plea.
 
 Meyer
 
 ,
 
 330 N.C. at 744
 
 ,
 
 412 S.E.2d at 343
 
 . However, in our Court's first case applying
 
 Handy
 
 , we reasoned "[a]lthough [the defendant] did not attempt to revoke his plea for over four months, this appears to have resulted from his erroneous expectations and lack of communication with his attorney."
 
 Deal
 
 ,
 
 99 N.C. App. at 464
 
 ,
 
 393 S.E.2d at 321
 
 (reversing the trial court's denial of the defendant's motion to withdraw his plea). Even in applying the "fair and just reason" analysis
 
 arguendo
 
 , we would consider the unique fact that Defendant knew what his sentence would be when he moved to withdraw his plea, which demonstrates that his motion did not come "at a very early stage of the proceedings," as was the case in
 
 Handy
 
 ,
 
 326 N.C. at 537
 
 ,
 
 391 S.E.2d at 161-62
 
 . The timing of Defendant's motion to withdraw neither bolsters nor subverts his argument that he presented a fair and just reason.
 

 Finally, Defendant argues his counsel was incompetent in representing him during the hearing regarding his motion to withdraw. We are admittedly concerned with defense counsel's balancing of his duty of candor to the tribunal with that of zealous representation during the withdrawal hearing, where he interrupted Defendant on multiple occasions and described to the trial court why he had advised Defendant against attempting to withdraw his plea. However, the record does not indicate Defendant's counsel provided incompetent representation throughout the process. Counsel filed Defendant's motion to withdraw his plea-despite the counselor's personal belief that the motion was meritless-and timely notice of appeal. Defendant was represented by competent counsel at all relevant times throughout this process.
 

 In sum, Defendant did not suffer a manifest injustice when the trial court denied his motion to withdraw his no contest plea. Even
 
 *114
 
 applying the less deferential standard described by our Supreme Court in
 
 Handy
 
 ,
 
 *217
 
 we would not hold Defendant met his burden of showing that his motion to withdraw was made for a "fair and just reason." We affirm the trial court's denial of Defendant's motion to withdraw his plea.
 

 CONCLUSION
 

 The trial court's denial of Defendant's motion to withdraw his plea of no contest did not cause Defendant to suffer a manifest injustice. Furthermore, Defendant did not present the trial court with a fair and just reason to grant his motion.
 

 AFFIRMED.
 

 Judges BRYANT and DIETZ concur.
 

 [1]
 

 We recognize that the
 
 Olish
 
 case, which underlies
 
 Handy
 
 , relies upon a since-supplanted federal standard in which "[A] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended;
 
 but to correct manifest injustice
 
 the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 
 See
 
 Fed. R. Crim. P. 32 advisory committee's notes (1983) (emphasis added). Since
 
 Olish
 
 was decided, the "manifest injustice" language has been removed, and a defendant may withdraw a guilty or nolo contendere plea "after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2) (2019). In amending the rule, the Advisory Committee hoped to "avoid[ ] language [regarding manifest injustice] which has been a cause of unnecessary confusion." Fed. R. Crim. P. 32 advisory committee's notes (1983). However,
 
 Handy
 
 has not been overruled or distinguished by our Supreme Court, or the Supreme Court of the United States, since it was published, and we remain bound by its holding.
 
 See, e.g.
 
 ,
 
 Mahoney v. Ronnie's Road Serv.
 
 ,
 
 122 N.C. App. 150
 
 , 153,
 
 468 S.E.2d 279
 
 , 281 (1996),
 
 aff'd per curiam
 
 ,
 
 345 N.C. 631
 
 ,
 
 481 S.E.2d 85
 
 (1997).