IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-272

No. COA20-180

Filed 15 June 2021

Burke County Nos. 18 CRS 000337-38

STATE OF NORTH CAROLINA

      v.

CHRISTOPER GENE CRAWFORD, Defendant.

Appeal by Defendant from judgment entered 30 July 2019 by Judge David A. Phillips in Burke County Superior Court. Heard in the Court of Appeals 3 November 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Stephanie C. Lloyd, for the State.*
>
> *Charlotte Gail Blake for defendant-appellant.*

MURPHY, Judge.

¶ 1     When a defendant moves to withdraw his guilty plea, he must demonstrate there is a fair and just reason to do so. Here, Defendant did not demonstrate he had a fair and just reason to withdraw his plea and the trial court did not err in denying Defendant's motion to withdraw his *Alford* plea.[1]

---

[1] An *Alford* plea allows a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his

¶ 2 Additionally, when accepting a plea agreement, there must be a factual basis pursuant to N.C.G.S. § 15A-1022(c). The indictments in this matter provided a factual description of Defendant's particular alleged conduct such that, when taken together with the *Transcript of Plea,* the Record was sufficient to satisfy the requirements of the statute. The trial court was able to make an independent judicial determination that there was a factual basis for Defendant's *Alford* plea and did not err in accepting the plea.

## BACKGROUND

¶ 3 Defendant Christopher Gene Crawford ("Defendant") was indicted on one count of felony larceny of a motor vehicle, alleging he "unlawfully, willfully, and feloniously did steal, take and carry away a vehicle, a 2004 Toyota Tundra Truck, the personal property of Julie Cline and/or Timothy Cline, such property having a value in excess of One Thousand Dollars ($1,000.00)." Defendant was also indicted on one count of felony possession of a stolen motor vehicle, alleging he

> unlawfully, willfully, and feloniously did possess a vehicle, a 2011 White Chevy Silverado, the personal property of R.H. Barringer D/B/A Best of Beers, located at 1613 Main Avenue Drive NW, Hickory NC 28601, which was stolen

---

participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970). A defendant enters into an *Alford* plea when he proclaims he is innocent, but "intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id.*

property and which [Defendant] knew and had reason to
believe had been stolen and unlawfully taken.

Following a mistrial in March 2019 before the Honorable Lisa C. Bell, Defendant

entered an *Alford* plea to both charges on 13 May 2019 by signing and swearing to a

transcript of plea before the Honorable Joseph N. Crosswhite. Pursuant to the plea

agreement, Defendant's convictions were consolidated for sentencing, which was set

for 3 June 2019. Defendant failed to appear on 3 June 2019 and a warrant was issued

for his arrest.

¶ 4     After his arrest, Defendant appeared for sentencing on 30 July 2019 before the

Honorable David A. Phillips. The trial court allowed Defendant to be heard, and he

moved to withdraw his *Alford* plea, arguing he was subjected to "[e]xcessive bail,

ineffective counsel, insufficient evidence, selective prosecution, prosecutorial

misconduct, due process of law, [and] a fast and speedy trial." Defendant also claimed

his signature on the plea transcript did not include his full name and his counsel was

ineffective because he did not ask a witness a certain question. The trial court denied

Defendant's motion and imposed an active sentence of 20 to 33 months. Defendant

orally gave notice of appeal and later filed a *Petition for Writ of Certiorari* asking us

"to review whether the trial court erred in accepting the [*Alford*] plea . . . because

there is not a factual basis of record for either of the charges."

**ANALYSIS**

¶ 5        Defendant argues two issues on appeal: (A) the trial court erred in denying his

motion to withdraw his *Alford* plea; and (B) the trial court erred in accepting his

*Alford* plea when there was no factual basis for the plea.

## A. Motion to Withdraw the *Alford* Plea

¶ 6        Defendant argues the trial court erred in denying the motion to withdraw his

*Alford* plea.  Defendant contends the trial court was required to grant his motion

because he presented fair and just reasons for withdrawal.  We disagree.

> In reviewing a decision of the trial court to deny [a]
> defendant's motion to withdraw, the appellate court does
> not apply an abuse of discretion standard, but instead
> makes an independent review of the record.  That is, the
> appellate court must itself determine, considering the
> reasons given by the defendant and any prejudice to the
> State, if it would be fair and just to allow the motion to
> withdraw.

*State v. Marshburn*, 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993) (internal

citation and marks omitted).  We perform the same analysis, whether a defendant

pleas guilty or pleas guilty pursuant to *Alford*.  *See State v. Chery*, 203 N.C. App. 310,

314, 691 S.E.2d 40, 44 (2010) ("[W]e hold that for purposes of our analysis in the

instant case that there is no material difference between a no contest plea and an

*Alford* plea."); *State v. Alston*, 139 N.C. App. 787, 792, 534 S.E.2d 666, 669 (2000)

(internal marks omitted) ("[A]n '*Alford* plea' constitutes a guilty plea in the same way

that a plea of *nolo contendere* or no contest is a guilty plea."); *Alford*, 400 U.S. at 37,

27 L. Ed. 2d at 171 (stating there is no "material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence").

¶ 7    "Although there is no absolute right to withdraw a guilty plea, withdrawal motions made prior to sentencing, and especially at a very early stage of the proceedings, should be granted with liberality." *State v. Meyer*, 330 N.C. 738, 742-43, 412 S.E.2d 339, 342 (1992) (internal marks omitted); *see State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990) ("In a case where the defendant seeks to withdraw his guilty plea before sentence, he is generally accorded that right if he can show any fair and just reason."). It is well settled that "[t]he defendant has the burden of showing that his motion to withdraw is supported by some 'fair and just reason.'" *Marshburn*, 109 N.C. App. at 108, 425 S.E.2d at 717 (quoting *Meyer*, 330 N.C. at 743, 412 S.E.2d at 342).

> Whether the reason is "fair and just" requires a consideration of a variety of factors. Factors which support a determination that the reason is "fair and just" include: the defendant's assertion of legal innocence; the weakness of the State's case; a short length of time between the entry of the guilty plea and the motion to withdraw; that the defendant did not have competent counsel at all times; that the defendant did not understand the consequences of the guilty plea; and that the plea was entered in haste, under coercion or at a time when the defendant was confused. If the defendant meets his burden, the [trial] court must then consider any substantial prejudice to the State caused by the withdrawal of the plea.

*Id.* at 108, 425 S.E.2d at 717-18 (citing *Handy*, 326 N.C. at 539, 391 S.E.2d at 163).

This list is non-exclusive. *Handy*, 326 N.C. at 539, 391 S.E.2d at 163.

¶ 8 These factors were first enumerated in *Handy,* and have subsequently been applied by our appellate courts in determining whether the denial of a defendant's motion to withdraw an *Alford* plea was proper. *Id.*

> In considering each *Handy* factor individually, a court is not required to expressly find that a particular factor benefits either the defendant or the State in assessing whether a defendant has shown any fair and just reason for the withdrawal of a guilty plea. In *Handy*, [our Supreme Court] listed "[s]ome of the factors which favor withdrawal." *Handy*, 326 N.C. at 539, 391 S.E.2d at 163. This depiction of the identification of the *Handy* factors inherently illustrates that the slate of them is not intended to be exhaustive nor definitive; rather, they are designed to be an instructive collection of considerations to aid the court in its overall determination of whether sufficient circumstances exist to constitute any fair and just reason for a defendant's withdrawal of a guilty plea.

*State v. Taylor*, 374 N.C. 710, 723, 843 S.E.2d 46, 55 (2020). We address each of the *Handy* factors below.

**1. Strength of the State's Case**

¶ 9 Defendant argues the Record is silent regarding the strength of the State's case because the trial court did not inquire about the State's forecasted evidence.

¶ 10 We previously analyzed this factor in *State v. Davis*. *State v. Davis*, 150 N.C. App. 205, 207-08, 562 S.E.2d 590, 592 (2002). In *State v. Davis*, the defendant was

indicted for second-degree murder, driving while impaired, and felony hit and run. *Id.* at 205, 562 S.E.2d at 591. The defendant pled guilty to all the charges, then filed a motion to withdraw his plea the day before his sentencing hearing. *Id.* On appeal, the defendant argued the trial court erred in denying his motion to withdraw his guilty plea. *Id.* We held the strength of the State's case was "significant" because

> the State was prepared to offer several eyewitnesses who would have testified to [the] defendant's drunken condition at the time the accident occurred and his erratic driving. The State was also prepared to enter evidence of [the] defendant's blood alcohol content being .23 at the time of the accident, along with [the] defendant's two prior convictions for drunk driving.

*Id.* at 207-08, 562 S.E.2d at 592. Additionally, a strong, uncontested forecast of evidence weighs against allowing a defendant to withdraw his plea. *Chery*, 203 N.C. App. at 315-16, 691 S.E.2d at 45.

¶ 11 "We must view the State's proffer based upon what was presented to the [trial] court at the plea hearing." *Id.* at 315, 691 S.E.2d at 45. However, we are not able to apply this concept from *Chery* to this case as the trial court judge, Judge Phillips, considering the motion to withdraw the guilty plea and in turn the strength of the State's case, was not privy to the State's forecast of evidence to Judge Crosswhite at the time of taking the plea. Even if we were able to consider the forecasted evidence presented at the plea hearing, it too is devoid of forecasted evidence or witnesses that would show the State had a strong case against Defendant. At the plea hearing, the

State was prepared to offer a witness who would have testified against Defendant, but she failed to appear:

> [THE STATE]: . . . . We have had in-chambers conference about this case. Given where we are right now, Your Honor, the State would ask to show cause the witness in this case who has been personally served. Her name is Laura Jean Williams. The subpoena with personal service should appear in the court file.
>
> Laura Jean Williams. She had notice to be here this morning, Your Honor. She has yet to appear in the courthouse.
>
> THE COURT: We will certainly allow that request.
>
> . . .
>
> [THE STATE]: Your Honor, I know the [c]ourt is aware of the reason for the plea, but for the purposes of the record without the witness that has now been show caused, the State would have a difficult time proving this case; thus, the plea.

¶ 12        Due to Laura Jean Williams' failure to appear at the sentencing hearing, we are unable to determine what she would testify to, and unable to determine whether the State's case against Defendant was weak or strong. Unlike the State's proffer in *Davis*, the State's proffer here is not significant because "the State would have a difficult time proving this case[.]" This factor weighs in favor of Defendant.

**2. Defendant's Assertion of Legal Innocence**

¶ 13      Defendant argues because "he had entered an *Alford* plea, [Defendant] had never admitted that he was guilty."

¶ 14      We have previously held "the fact that the plea that [a] defendant seeks to withdraw was a no contest or an *Alford* plea does not conclusively establish the factor of assertion of legal innocence for purposes of the *Handy* analysis." *Chery*, 203 N.C. App. at 315, 691 S.E.2d at 44. Defendant has failed to show how entering an *Alford* plea weighs in favor of withdrawal.

¶ 15      During sentencing, the following exchange occurred:

> [DEFENSE COUNSEL]: . . . . [Defendant] says that he desires to try - - or to withdraw his plea. He says he didn't sign the plea transcript, although he swore to it in open court. . . . [Defendant] thinks that he's been - - was held without bond, or excessive bond and wants to address the court on a number of issues that I've just touched on. I may not have touched on what he wanted to address the court about.
>
> THE COURT: Sir, I'll hear you on the sentencing on this case today. Are there any issues concerning that?
>
> [DEFENDANT]: No, sir, I'd like to withdraw that plea, sir, and take it back to trial if that's what the prosecutor would like to do. Like I said, I've been violated on a lot of constitutional rights. I have been. Excessive bail, ineffective counsel, insufficient evidence, selective prosecution, prosecutorial misconduct, due process of law, a fast and speedy trial. I mean, I've been violated on all kinds of constitutional violations. And I'm not - - I'm not admitting guilty to this charge. I'm not.
>
> . . . .

> But anyway, nevertheless, I have changed. And you know, my rights have been violated. And Your Honor, if you, you know, if - - you would like to address some of these motions that I have filed, that would be awesome. But as to [the felony larceny of a motor vehicle and felony possession of a stolen motor vehicle charges], I'm not going to plead guilty to it.

Defendant told the trial court, "I'm not admitting guilty to this charge. I'm not" and "I'm not going to plead guilty to it." Although at first glance this portion of the transcript appears to be a protestation of innocence, upon reading the entire Record we cannot determine whether Defendant was claiming actual innocence of the charges to which he entered an *Alford* plea.

¶ 16 It was only *after* the trial court denied Defendant's motion to withdraw his *Alford* plea that Defendant stated, "No, no, no, that's the thing. I'm not guilty of this charge." Reviewing the entire Record, we are not convinced Defendant protested his innocence of the relevant charges in his motion to withdraw his plea. *See State v. Lankford*, 266 N.C. App. 211, 215-16, 831 S.E.2d 109, 113 (holding the defendant did not claim actual innocence when he told the trial court "I'm not guilty of these charges that they've charged me with" and "I just feel like if everything is brought out in every case that every officer has charged me with, I know what I'm guilty of and I know what I'm not guilty of. I'm not guilty of all these charges"), *disc. rev. denied*, 373 N.C.

176, 833 S.E.2d 625 (2019). Defendant has failed to show how this factor supports withdrawal of his *Alford* plea.

**3. Timeliness of the Motion**

Prior cases have "placed heavy reliance on the length of time between a defendant's entry of a guilty plea and motion to withdraw the plea." *State v. Robinson*, 177 N.C. App. 225, 229, 628 S.E.2d 252, 255 (2006). Our Supreme Court articulated the rationale behind this heavy reliance in *Handy*:

> A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*Handy*, 326 N.C. at 539, 391 S.E.2d at 163. *Handy* also instructs a defendant's motion to withdraw his plea "at a very early stage of the proceedings[] should be granted with liberality[.]" *Id.* at 537, 391 S.E.2d at 162.

In *Handy*, the defendant successfully moved to withdraw his plea less than 24 hours after it was entered because he "had an opportunity to more fully consider [the] decision and pray about it overnight, as well as discuss it with his mother and with his attorneys." *Id.* at 540-41, 391 S.E.2d at 163-64. The defendant there testified he "felt that he 'was under pressure under the circumstances'" and expressed he "had

misgivings about [entering the plea] at the time the plea was entered." *Id.* Our Supreme Court held the defendant "made a sufficient showing of a fair and just reason to withdraw his plea of guilty" because the evidence showed the defendant changed his mind "at a very early stage of the proceedings," after praying about his decision and speaking with his mother. *Id.* at 542, 537, 391 S.E.2d at 164, 162.

¶ 19    Conversely, the defendant in *Robinson* unsuccessfully made his motion to withdraw his guilty plea three-and-a-half-months after it was entered. *Robinson*, 177 N.C. App. at 230, 628 S.E.2d at 255. We distinguished *Robinson* from *Handy* by noting a delay of three-and-a-half-months is longer than a 24-hour delay and closer to circumstances in past cases where motions to withdraw had been made, and subsequently denied, one month and eight months after entry of the guilty plea. *Id.* at 230, 628 S.E.2d at 255 (citing *State v. Graham*, 122 N.C. App. 635, 637-38, 471 S.E.2d 100, 101-02 (1996) and *Marshburn*, 109 N. C. App. at 109, 425 S.E.2d at 718).

¶ 20    Here, it is undisputed Defendant waited until the sentencing hearing on 30 July 2019 to file a motion to withdraw his *Alford* plea, over two months after entering the *Alford* plea on 13 May 2019. Unlike in *Handy*, Defendant does not argue, and there is nothing in the Record to indicate Defendant's desire to withdraw his *Alford* plea was based upon "[a] swift change of heart," such as "an opportunity to more fully consider [the] decision and pray about it overnight, as well as discuss it with his mother and with his attorneys." *Handy,* 326 N.C. at 539, 541, 391 S.E.2d at 163, 164.

Defendant executed the plea transcript approximately two months prior to the plea hearing. There is no indication in the Record that during this time Defendant wavered on his decision. Defendant has failed to show how this factor supports withdrawal of his *Alford* plea.

**4. Ineffective Assistance of Counsel**

¶ 21    Defendant argues he "did not believe that he had competent counsel throughout the proceedings. [Defendant] even asked Judge Phillips whether he could fire his attorney during the sentencing hearing."

¶ 22    In order to show ineffective assistance of counsel ("IAC"), "a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *State v. Phillips,* 365 N.C. 103, 118, 711 S.E.2d 122, 135 (2011) (internal marks omitted), *cert. denied,* 565 U.S. 1204, 182 L. Ed. 2d 176 (2012).

> Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (internal citation and marks omitted), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006).

¶ 23     "In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001), *cert. denied*, 356 N.C. 623, 575 S.E.2d 758 (2002). "IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524, *reconsideration denied*, 354 N.C. 576, 558 S.E.2d 862 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). If an appellate court determines an IAC claim has been improperly asserted on direct appeal, "it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent [motion for appropriate relief] proceeding." *Id*. at 167, 557 S.E.2d at 525.

¶ 24     Here, Defendant argues he had incompetent counsel and the trial court erred by "summarily den[ying] [Defendant's] motion [to withdraw his *Alford* plea] without . . . giving [Defendant] the opportunity to address his concerns." Based on the cold Record before us, we are unable to adequately assess Defendant's IAC claim. We "express no opinion as to whether this factor weighs in favor of Defendant or the State for purposes of the *Handy* factors." *Taylor*, 374 N.C. at 722, 843 S.E.2d at 54.

**5. Comprehension of the *Alford* Plea's Terms, Coercion, Haste, and Confusion**

The final *Handy* factors to be considered are "that the defendant did not understand the consequences of the guilty plea [] and that the plea was entered in haste, under coercion or at a time when the defendant was confused." *Marshburn*, 109 N.C. App. at 108, 425 S.E.2d at 718 (citing *Handy*, 326 N.C. at 539, 391 S.E.2d at 163). Defendant does not argue he did not understand the consequences of his *Alford* plea or that the *Alford* plea was entered in haste, under coercion or at time when he was confused. We consider any argument regarding these factors to be abandoned. *See Chery*, 203 N.C. App. at 313, 691 S.E.2d at 44 ("We confine our analysis to those factors set out in [the] defendant's brief."); N.C. R. App. P. 28(b)(6) (2021) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

## 6. Consideration of the *Handy* Factors

The *Handy* factors "are designed to be an instructive collection of considerations to aid the court in its overall determination of whether sufficient circumstances exist to constitute any fair and just reason for a defendant's withdrawal of a guilty plea." *Taylor*, 374 N.C. at 723, 843 S.E.2d at 55. "No one of these factors is determinative." *Chery*, 203 N.C. App. at 313, 691 S.E.2d at 43. However, our appellate courts have historically placed a "heavy reliance on the length of time between a defendant's entry of [a] guilty plea and [a] motion to withdraw the plea." *Robinson*, 177 N.C. App. at 229, 628 S.E.2d at 255.

¶ 27 As discussed above, Defendant has failed to show that the timeliness of his motion supports withdrawal; Defendant did not indicate that his desire to withdraw his *Alford* plea was based upon a swift change of heart, such as in *Handy*, nor is there anything in the Record to indicate during the time before Defendant made his motion to withdraw that he wavered on his decision to plead guilty pursuant to *Alford*. In addition, Defendant did not assert innocence until *after* the trial court had denied Defendant's motion to withdraw his *Alford* plea. Although the State's proffer of evidence was not significant here, the other *Handy* factors, namely Defendant's assertion of legal innocence and timeliness of the motion, weigh in favor of the denial of Defendant's motion to withdraw. As for ineffective assistance of counsel, we express no opinion as to whether this factor weighs in favor of Defendant or the State and we do not consider it for the purposes of our analysis.

¶ 28 Having examined each of the factors identified in *Handy*, we hold Defendant has failed to show there is a fair and just reason for the withdrawal of his plea.

### B. Factual Basis for the *Alford* Plea

¶ 29 Defendant argues the trial court erred in accepting his *Alford* plea because "there was nothing of record presented to the trial court to allow the [trial] court to make an independent judicial determination as to whether there was a factual basis for [Defendant's] plea[.]" As Defendant raises an alleged statutory violation, we review his argument de novo. *See State v. Mackey*, 209 N.C. App. 116, 120, 708 S.E.2d

719, 721 (internal citation omitted) ("Alleged statutory errors are questions of law and as such, are reviewed *de novo*."), *disc. rev. denied*, 365 N.C. 193, 707 S.E.2d 246 (2011).

**1. Appellate Jurisdiction**

¶ 30    Contemporaneously with his appeal, Defendant filed a *Petition for Writ of Certiorari* regarding the lack of a factual basis to support his *Alford* plea.  However, we dismiss the petition as moot as Defendant is entitled to appellate review as a matter of right.

¶ 31    N.C.G.S. § 15A-1444(e) provides, in pertinent part:

> Except as provided in subsections (a1) and (a2) of this section and [N.C.G.S. §] 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the [S]uperior [C]ourt, but he may petition the appellate division for review by writ of certiorari.

N.C.G.S. § 15A-1444(e) (2019).  Pursuant to N.C.G.S. § 15A-1444(e), a defendant who has entered a guilty plea is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea.  *Id*.; *see State v Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980) ("When the language of [N.C.G.S. § 15A-1444(e)] is read conversely, it provides that when a motion to

withdraw a plea of guilty or no contest has been denied, the defendant is entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the [S]uperior [C]ourt.").

¶ 32        Here, Defendant made a motion to withdraw his *Alford* plea, which was subsequently denied. He is entitled to appellate review as a matter of right and we dismiss his *Petition for Writ of Certiorari* as moot. We now address the merits of Defendant's arguments.

**2. Independent Judicial Determination**

¶ 33        "Because a guilty plea waives certain fundamental constitutional rights such as the right to a trial by jury, our legislature has enacted laws to ensure guilty pleas are informed and voluntary." *State v. Agnew*, 361 N.C. 333, 335, 643 S.E.2d 581, 583 (2007). One of those laws, N.C.G.S. § 15A-1022(c), requires that prior to accepting a plea of guilty, the trial court must determine there is a factual basis for the plea:

> The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:
>
> (1) A statement of the facts by the prosecutor.
>
> (2) A written statement of the defendant.
>
> (3) An examination of the presentence report.
>
> (4) Sworn testimony, which may include reliable hearsay.

(5) A statement of facts by the defense counsel.

N.C.G.S. § 15A-1022(c) (2019).

"The five sources listed in [N.C.G.S. § 15A-1022(c)] are not exclusive, and therefore the trial judge may consider any information properly brought to his attention." *State v. Collins*, 221 N.C. App. 604, 606, 727 S.E.2d 922, 924 (2012). Further, in enumerating these five sources, the statute "contemplate[s] that some substantive material independent of the plea itself appear of record which tends to show that [the] defendant is, in fact, guilty." *State v. Sinclair*, 301 N.C. 193, 199, 270 S.E.2d 418, 421-22 (1980). Such information "must appear in the record, so that an appellate court can determine whether the plea has been properly accepted." *Id.* at 198, 270 S.E.2d at 421.

¶ 34 Defendant argues the trial court erred in accepting his *Alford* plea because "there was nothing of record presented to the trial court to allow the [trial] court to make an independent judicial determination as to whether there was a factual basis for [Defendant's] plea." The State argues the *Transcript of Plea*, the indictments, and the transcript of testimony from Defendant's mistrial provide a sufficient factual basis for us to affirm the trial court's acceptance of Defendant's *Alford* plea. However, we cannot consider the mistrial transcript in our review as that was not before the trial court when taking Defendant's plea. Judge Bell presided over Defendant's mistrial in March 2019, while Judge Crosswhite presided over Defendant's plea

hearing on 13 May 2019. The Record does not indicate Judge Crosswhite was provided and/or reviewed the "over one-hundred pages of testimony and eight entered exhibits that supplement [D]efendant's indictments and plea transcript." *See State v. Flint,* 199 N.C. App. 709, 726, 682 S.E.2d 443, 453 (2009) (explaining that when it is unclear if information was before the trial court during the defendant's plea hearing, then that information cannot be considered in a factual basis determination, even when contained in the record on appeal). Without the mistrial transcript, we are left with the *Transcript of Plea* and the indictments.

¶ 35          Our Supreme Court has previously held a *Transcript of Plea,* in and of itself, cannot provide the factual basis for an *Alford* plea. *Sinclair,* 301 N.C. at 199, 270 S.E.2d at 421 ("[T]he Transcript of Plea itself [does not] provide a factual basis for the plea. A defendant's bare admission of guilt, or plea of no contest, always contained in such transcripts, does not provide the 'factual basis' contemplated by [N.C.G.S. §] 15A-1022(c)."). Further, in *State v. Agnew,* our Supreme Court held an "indictment [that] simply stated the charge and did not provide any further factual description of [the] defendant's particular alleged conduct[,]" taken together with the *Transcript of Plea,* was insufficient to serve as a factual basis for accepting the plea. *Agnew,* 361 N.C. at 337, 643 S.E.2d at 584. In *Agnew,* the indictment alleged:

> On or about 23 April 2003 and in Pitt County the defendant named above unlawfully, willfully and feloniously did traffick cocaine by possession of in excess of 200 grams but

less than 400 grams of a mixture containing cocaine, a controlled substance, included in Schedule II of the North Carolina Controlled Substance Act.

*Id*. at 334, 643 S.E.2d at 582.

¶ 36     Here, the indictments provide significant factual details beyond the charge alleged and provided the trial court with a "factual description of [D]efendant's particular alleged conduct." *Id*. at 337, 643 S.E.2d at 584. Defendant's indictment for felony larceny of a motor vehicle alleged:

> The jurors for the State upon their oath present that on or about [20 November 2017] and in [Burke County] [Defendant] unlawfully, willfully, and feloniously did steal, take and carry away a vehicle, a 2004 Toyota Tundra Truck, the personal property of Julie Cline and/or Timothy Cline, such property having a value in excess of One Thousand Dollars ($1,000.00). This act was in violation of N.C.G.S. § 14-72.

Further, Defendant's indictment for felony possession of a stolen motor vehicle alleged:

> The jurors for the State upon their oath present that on or about [20-21 November 2017] and in [Burke County] [Defendant] unlawfully, willfully, and feloniously did possess a vehicle, a 2011 White Chevy Silverado, the personal property of R.H. Barringer D/B/A Best of Beers, located at 1613 Main Avenue Drive NW, Hickory NC 28601, which was stolen property and which [Defendant] knew and had reason to believe had been stolen and unlawfully taken. This act was in violation of N.C.G.S. [§] 20-106.

¶ 37        Unlike the indictment in *Agnew*, the indictment for felony larceny of a motor vehicle here provided a "factual description of [D]efendant's particular alleged conduct." *Id.* The indictment went further than providing the charge alleged by providing the year, make, and model of the vehicle, a "2004 Toyota Tundra Truck." The indictment also provided the rightful owners' first and last names, "Julie Cline and/or Timothy Cline." This factual information goes beyond the generic language of the indictment in *Agnew* that simply alleged the charge to be indicted. *Id.* at 334, 643 S.E.2d at 582.

¶ 38        The indictment for felony possession of a stolen motor vehicle also provided a "factual description of [D]efendant's particular alleged conduct." *Id.* at 337, 643 S.E.2d at 584. The indictment went further than providing the charge alleged by providing the year, color, make, and model of the vehicle, a "2011 White Chevy Silverado." The indictment also provided the rightful owner's first and last name, "R.H. Barringer D/B/A Best of Beers." This factual information goes beyond the generic language of the indictment in *Agnew* that simply alleged the charge to be indicted. *Id.* at 334, 643 S.E.2d at 582.

¶ 39        The factual information contained in the indictments, coupled with the *Transcript of Plea*, contained enough information for an independent judicial determination of Defendant's actual guilt in this case, as required by N.C.G.S. § 15A-1022(c). The trial court did not err in accepting Defendant's *Alford* plea.

## **CONCLUSION**

Defendant did not demonstrate he had a fair and just reason for withdrawing his *Alford* plea. Nor did the trial court err in accepting Defendant's *Alford* plea as there was sufficient information in the Record to support an independent judicial determination of a factual basis for the plea in accordance with N.C.G.S. § 15A-1022(c). We affirm the trial court's order denying Defendant's motion to withdraw his *Alford* plea and the trial court's acceptance of Defendant's *Alford* plea.

AFFIRMED.

Judges TYSON and HAMPSON concur.